RAY, Respondent, vs. THE LAKE SUPERIOR TERMINAL & TRANSFER RAILWAY COMPANY, Appellant.

*May 5 — May 24, 1898.*

*Jury drawn under existing law: Change of law, effect of: Appeal: Separate verdicts as to past and future damages.*

1. Jurors, drawn and obtained for a term of court according to the law existing when so drawn and obtained, remain jurors for such term unless excused or discharged by the court, regardless of any change in the law for obtaining jurors made subsequent to such drawing and before the commencement of such term.

2. Where there is some evidence tending to support the findings of the jury, the decision of the trial court refusing to set aside the verdict as contrary to the evidence cannot be disturbed on appeal.

3. The fact that, in a verdict for damages for personal injuries, future loss is found separate from past loss, does not constitute error.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover compensation for personal injuries alleged to have been caused by negligence of defendant. The complaint contains allegations to the effect that, while plaintiff was in the employ of the defendant as a flagman and switchman, at the intersection of a public street and defendant's road, called "Belknap Crossing," his duties including that of coupling cars when he deemed that necessary to aid

in keeping the crossing clear, and while he was in the performance of such duty of coupling cars, defendant's engineer suddenly and negligently backed up the car plaintiff was about to couple to another car, whereby his hand, without fault on his part, was caught between the bumpers and severely injured.

At the commencement of the trial, defendant, by its counsel, challenged the array of jurors upon the ground that they were drawn by the clerk of the court from the list of names furnished by members of the county board, and that the law authorizing that was repealed three days after such drawing, so that the manner of obtaining jurors at the time of the commencement of the term and of the trial of this action, was regulated by ch. 380, Laws of 1897. Such motion was overruled, to which due exception was taken.

The injury was not disputed on the evidence, but it was claimed that there was no evidence to show negligence on the part of the engineer in backing the car, and further, that plaintiff's duties did not require him to couple cars, and that his act in that regard was purely voluntary. The court submitted both questions to the jury, and they found in plaintiff's favor and assessed his damages at $750. There was a motion to set the verdict aside as contrary to the evidence, and because it was excessive, and for errors in giving and refusing instructions. The motion was denied and due exception taken. Judgment was entered in plaintiff's favor and defendant appealed.

For the appellant there was a brief by *Pope & Perrin*, and oral argument by *Carl C. Pope*. To the point that the drawing of the jurors in this case on August 21, 1897, under the law then existing, was annulled by the repeal of that law on August 24, 1897, and the defendant's challenge to the panel and to the array should have been sustained, they cited *State ex rel. Voight v. Hœflinger*, 33 Wis. 594.

*Alexander Athey*, for the respondent.

MARSHALL, J.   The determination of the trial court over-
ruling the challenge to the array of jurors cannot be dis-
turbed.  When jurors have been drawn and designated accord-
ing to law to serve at a term of court, a mere change in the
method of obtaining jurors, thereafter made, will not affect
those already drawn, but they will continue, notwithstand-
ing such change in the law, legal jurors for the term unless
excused or discharged by the court.

Several errors are assigned, all involving the subject of
whether there was evidence to sustain the verdict on two
points: (1) Was coupling cars within the scope of plaintiff's
employment so as to bring the case within the coemployee
act (ch. 220, Laws of 1893)?   And (2) was actionable negli-
gence shown on the part of the engineer in the manner he
caused the cars to move back as plaintiff was about to make
the coupling?  It is considered that there was some evidence,
which the jury had a right to believe if they saw fit, tending
to prove the affirmative of both such questions.   Therefore,
according to a familiar principle, the decision of the trial
court, refusing to set aside the verdict and grant a new trial
as contrary to the evidence, cannot be disturbed.

It is further assigned as error that the damages are excess-
ive, particular mention being made of the fact that the jury
divided the recovery into two elements by assessing $500 of
the $750 for future loss.   No reason is perceived why that
should be held to affect the verdict.   Future loss was an ele-
ment distinct from all others, and one for which plaintiff had
a right to recover if he had a right to recover at all.   Cer-
tainly, the fact that the amount assessed for that element
was stated separately could not in any way have prejudiced
the defendant.   On the contrary, it was a valuable aid in
determining whether the whole verdict was excessive.   Ac-
cording to the evidence plaintiff's hand was quite severely
injured.   He was not able to remove the bandages for three
weeks, he suffered considerable pain, and the cure left his

hand somewhat maimed and out of shape, one of the fingers being stiff so as to interfere with the usefulness of the hand. We cannot say that a verdict of $750 for such an injury, to a man fifty-five years of age, is so large as to evince passion and prejudice on the part of the jury, therefore the verdict cannot be disturbed as excessive.

*By the Court.*— The judgment of the superior court is affirmed.